**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEREMY KEVIN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE ZICCARELLI, in her official and individual capacities, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-420 |

**MEMORANDUM AND ORDER OF COURT**

Before the Court are thirteen motions and cross-motions that are currently pending in this case. The following Defendants and groups of Defendants have filed separate motions to dismiss pro se Plaintiff Jeremy Kevin Jackson's ("Plaintiff") Second Amended Complaint ("SAC"), pursuant to Rules 8(a)(2), 12(b)(1) and/or 12(b)(6) of the Federal Rule of Civil Procedure: Southwestern Pennsylvania Human Services, Inc. ("SPHS") and Madeline Hill; Alyssa Bartling, Jaclyn Shaw, and the Shaw Law Group; Pennsylvania State Police and Trooper Antonio S. Moffa; Kyle M. Baxter; Westmoreland County, Westmoreland County Children's Bureau, and Westmoreland County District Attorney Nicole Ziccarelli; Robert A. Law; Kelly M. Law; Renee Marie Caruso; the Honorable Michele G. Bononi, the Honorable Matthew R. Schimizzi, Anne Catone, Timothy Cawoski, Emily Geiger, Jacqueline Henry, Stacy A. Somers, and Westmoreland County Court of Common Pleas Domestic Relations Section ("WCDRS"); and Amanda Faher. (Docket Nos. 130, 134, 136, 138, 142, 144, 146, 148, 151, 157, 179). Plaintiff has filed briefs in opposition to Defendants' motions to dismiss, and some Defendants have filed reply briefs. Plaintiff has also filed a "Motion to Supplement Jurisdictional Record, Clarify Structural Lack of Judicial Authority, and Preclude Immunity-Based Dismissal Prior to Authority Determination"

(Docket No. 169), and a cross-motion to amend his claims, a "Motion for Leave to File Third Amended Complaint" (Docket No. 185), while several Defendants have filed responses opposing Plaintiff's motion to amend his complaint.

For the following reasons, Defendants' motions to dismiss Plaintiff's SAC will be granted, and Plaintiff's motion to amend his SAC will also be granted. As Plaintiff will be permitted to file a Third Amended Complaint in this matter, his motion to supplement the jurisdictional record will be denied as moot.

## I. <u>BACKGROUND</u>

Plaintiff's claims in this action appear to arise from a custody dispute that entailed proceedings in Pennsylvania state court. Plaintiff avers that, after a period of time in which he shared joint custody of his two sons with Defendant Kelly M. Law ("Ms. Law"),[1] he sought to increase his custodial time with the boys. (Docket No. 125, ¶¶ 1-3). After receiving increased custodial time, Plaintiff alleges that Ms. Law fabricated evidence and testimony in order to alienate his sons from him, gain full custody of the children for herself, and garnish his military benefits. (*Id.* ¶¶ 1-45). According to Plaintiff, Ms. Law, in coordination with many private and state actors, abused the state court system in order to take his children away from him. (*Id.).*

Plaintiff appears to have brought suit here against many actors who were somehow involved in the custody battle, including the following: Ms. Law and her husband Robert A. Law; Westmoreland County Court of Common Pleas Judges Schimizzi and Bononi, the WCDRS and its officials, Timothy Cawoski, Jacqueline Henry, Anne Catone, Stacy A. Somers, and Emily Geiger; Plaintiff's own attorneys, Alyssa Bartling, Jaclyn Shaw, and the Shaw Law Group; other attorneys, Amanda Faher and Kyle Baxter; the Pennsylvania State Police and Trooper Antonio S.

[1] The Court infers from the allegations in the SAC that Ms. Law is the mother of Plaintiff's children.

Moffa; Westmoreland County, Westmoreland County Children's Bureau, and Westmoreland County District Attorney Nicole Ziccarelli; and SPHS and Madeline Hill.

Plaintiff initiated this case on March 26, 2025, by filing an 18-page Complaint consisting of a civil complaint form and attached typewritten complaint. (Docket No. 1). The Complaint lacked paragraph numbers, which made it difficult to separate and identify Plaintiff's averments, it included only sparse factual allegations, and it listed eight broadly worded Counts, each of which was alleged against some group of Defendants. (*Id.*). Specifically, the Complaint included the following causes of action: Count I – Violation of Constitutional Rights under 42 U.S.C. § 1983; Count II – Conspiracy to Violate Constitutional Rights under 42 U.S.C. § 1985; Count III – Fraudulent Misrepresentation and False Statements under 18 U.S.C. § 1001; Count IV – Parental Kidnapping under 18 U.S.C. § 1201; Count V – Defamation under 28 U.S.C. § 4101; Count VI – Violation of Due Process and Equal Protection under 42 U.S.C. § 1983; Count VII – Extortion and Unlawful Debt Collection under 18 U.S.C. § 872, 18 U.S.C. § 1951 - Hobbs Act; and Count VIII – RICO Violations under 18 U.S.C. § 1962. (Docket No. 1 at 16-18).

Defendants filed motions to dismiss the Complaint, and Plaintiff filed several documents in attempting to respond to Defendants' motions and supplement his Complaint. (Docket Nos. 22, 23, 25, 28, 29, 30, 31, 32). The Court therefore issued an order instructing Plaintiff that he may not submit piecemeal filings, and directing him to file a single Amended Complaint. (Docket No. 33). Plaintiff then filed a 14-page Amended Complaint, which relayed a somewhat rambling story about his custody battle but did not make clear allegations against the various Defendants. (Docket No. 39). The Amended Complaint also rearranged the previously pled claims and added Counts against various groups of Defendants (at times restating and repeating Counts), including the following: Count I – Violation of Due Process Rights (42 U.S.C. § 1983); Count II – Violation of

Equal Protection (42 U.S.C. § 1983); Count III – Civil Conspiracy to Violate Civil Rights (42 U.S.C. § 1985); Count IV – Fraud Upon the Court; Count V – RICO Violations (18 U.S.C. § 1962); Count VI – Intentional Infliction of Emotional Distress; Count VII – Negligent Infliction of Emotional Distress; Count VIII – Abuse of Process; Count IX – Malicious Prosecution; and a number of other claims. (Docket No. 39 at 8-12).

Defendants again filed motions to dismiss the Amended Complaint. (Docket Nos. 43, 45, 47, 51, 56, 59, 61, 68). Plaintiff again attempted to supplement his Amended Complaint with additional filings, and the Court again directed Plaintiff to seek leave to file a second amended complaint. (Docket Nos. 85, 91, 92, 94). Plaintiff filed such motion, which the Court granted, and Plaintiff filed his SAC, the operative complaint in this matter. (Docket Nos. 103, 121, 125).

The SAC, which is now quite lengthy, includes a total of 20 Counts, each alleged against various combinations of Defendants, and lists the following causes of action: Count I – Violation of Procedural and Substantive Due Process; Count II – Violation of Equal Protection of the Laws; Count III – Civil Conspiracy to Violate Constitutional Rights; Count IV – Fraud Upon the Court; Count V – RICO; Count VI – Malicious Prosecution; Count VII – Abuse of Process; Count VIII – Federal Fraud and Conspiracy; Count IX – Illegal Title IV-D Enforcement and Unlawful Garnishment of CRSC Benefits; Count X – Intentional Infliction of Emotional Distress; Count XI – Defamation (Libel and Slander); Count XII – Violation of Equal Protection Rights; Count XIII – Fraud Upon the Court; Count XIV – Title IV-D Fraud and Unlawful Garnishment of Protected Federal Veteran Benefits; Count XV – Malicious Abuse of Process; Count XVI – Negligent Infliction of Emotional Distress; Count XVII – Judicial Misconduct and Denial of a Neutral Forum; Count XVIII – Obstruction of Justice and Retaliation; Count XIX – Fraud Upon the Court (Expanded); and Count XX – RICO Violations. (Docket No. 125 at 14-50). Plaintiff is presently

seeking declaratory, compensatory, equitable, and punitive relief, including $5 million in compensatory damages, $25 million in punitive damages, treble damage for RICO violations, immediate restoration of parental rights, a permanent injunction preventing his wages from being garnished, sanctions against Defendants, attorney fees should Plaintiff obtain counsel, and referral "to the U.S. Department of Justice and appropriate disciplinary boards for investigation into potential judicial and prosecutorial misconduct, perjury, and fraud upon the court." (*Id.* at 51-52).

As indicated above, Defendants have filed motions to dismiss the SAC, and Plaintiff has filed a motion to amend his claims by filing a Third Amended Complaint as well as a motion seeking to supplement the jurisdictional record. The motions are fully briefed and are ripe for disposition.

## II. <u>DISCUSSION</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of [a] claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro so complaint, the Court must construe it liberally pursuant to Rule 8(a)(2) in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (internal quotation marks and citation omitted).

However, a pro se complaint is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v.*

*Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). A court also need not accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

Here, Plaintiff's 92-page, single-spaced, 327-paragraph SAC, which also includes various documents apparently related to his custody dispute (the "SAC"), alleges numerous claims against groups of Defendants in various combinations, although the specific factual allegations against the individual Defendants remain sparse. Although Plaintiff's operative complaint has grown significantly in length since this case's inception, the SAC still does not comply with Rule 8(a)(2)'s requirement that Plaintiff provide "'a short and plain statement of the claim[s] showing that [he] is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds on which [the claims] rest[].'" *Twombly*, 550 U.S. at 555. For instance, after describing in initial paragraphs the events that occurred in the course of his custody dispute, Plaintiff sets forth his Counts with broad labels (such as "Count I – Violation of Procedural and Substantive Due Process") and he includes under each Count a short, often conclusory statement regarding each of the many Defendants against whom each Count is brought. However, Plaintiff fails to aver additional facts to support such statements to show that each Defendant is liable for each claim alleged against them.

Thus, Plaintiff makes little effort to elaborate upon the actions of the many individuals involved in each of the alleged wrongs in order to establish particular claims against any of them. Accordingly, at this juncture, it appears that Plaintiff may be attempting to connect any and all Defendants to the Counts in the SAC by asserting that they were responsible as a group for the alleged actions underlying his claims. A plaintiff asserting civil rights violations, however, cannot state a claim for relief by alleging that the defendants he names wronged him as a group. *See Cheng v. Byrd*, Civ. Action No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024). Instead, a plaintiff must state a civil rights claim against each named defendant by specifically pleading how each defendant was personally involved in the alleged violations of his rights. *See Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015). Thus, over the course of amending his claims, although Plaintiff's complaints have grown in length, and although he has continued to add to and rearrange his assorted claims in the various iterations, Plaintiff has not added sufficient specific factual averments regarding Defendants to support each claim alleged against each Defendant.[2] Therefore, the Court finds that the SAC fails to provide Defendants with fair notice of what each claim against them is and on what factual grounds each claim is based, in accordance with the requirements of Rule 8(a)(2).

Additionally, the Court notes that, sparse as Plaintiff's factual allegations in the SAC are, it is impossible to discern from such allegations whether this Court has subject matter jurisdiction over the claims that Plaintiff seeks to assert here. Plaintiff appears to recognize this lack of clarity regarding jurisdiction, as he has also filed a separate motion asking to "supplement" the "jurisdictional record." (Docket No. 169). Because the Court is granting Plaintiff's motion to amend his SAC, which will allow Plaintiff to amend his statements of the grounds for the Court's

[2] Notably, in order to constitute a "plain" statement in accordance with Rule 8, a claim should identify specific defendants and their discrete actions. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

jurisdiction, Plaintiff's motion to supplement the jurisdictional record will be denied as moot. Thus, based on the limited allegations in the SAC, the Court cannot determine at this juncture whether proper subject matter jurisdiction exists over this action and, in amending his SAC, Plaintiff is advised to be mindful of the Rule 8(a)(1) requirement that a complaint must set forth a short and plain statement of the grounds upon which a court's jurisdiction depends.

Because Plaintiff's SAC fails to comply with the general pleading requirements of Rule 8(a), Defendants' motions to dismiss the SAC will be granted. At this juncture, Plaintiff's claims against Defendants will be dismissed without prejudice to the filing of a Third Amended Complaint that adheres to the pleading requirements of Rule 8(a). *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (stating that if a civil rights complaint fails to state a claim, a district court must grant leave to amend unless such amendment would be futile or inequitable). Accordingly, Plaintiff's motion to file a Third Amended Complaint will also be granted. However, Plaintiff will not be permitted to file the proposed Third Amended Complaint attached to his motion, since that proposed complaint contains many of the same pleading deficiencies that are present in the SAC. Instead, Plaintiff is instructed to consider the pleading deficiencies of the SAC as discussed herein by the Court, and to consult the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Pennsylvania, and Plaintiff will be permitted to file a Third Amended Complaint that addresses such deficiencies.[3] This will be Plaintiff's final opportunity to amend his complaint, as

---

[3] Additionally, in filing a Third Amended Complaint, Plaintiff is further advised to avoid submitting a "shotgun" pleading:

> A complaint constitutes an improper shotgun pleading where it "includes pleadings that contain multiple counts where each count adopts the allegations of all preceding counts and assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Milo, LLC v. Procaccino*, No. CV 16-5759, 2020 WL 1853499, at *10 (E.D. Pa. Apr. 13, 2020) (quoting *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017)) ([emphasis and internal

his Third Amended Complaint will be his fourth complaint (his fifth complaint if his proposed Third Amended Complaint is considered) filed in the course of this litigation.

## III. CONCLUSION

For all these reasons, Defendants' motions to dismiss the SAC are granted, and Plaintiffs' claims against Defendants are dismissed for failure to comply with the pleading requirements of Rule 8(a). Such dismissal is without prejudice, and Plaintiff will be afforded one final opportunity to file an amended complaint in this matter. Accordingly, Plaintiff's Motion to file Third Amended Complaint is also granted, although Plaintiff is not permitted to file the proposed Third Amended Complaint attached to his motion, and instead Plaintiff is instructed that, if he wishes to amend his claims further, he may file a Third Amended Complaint that addresses the SAC's pleading deficiencies identified above. Additionally, as Plaintiff is permitted to file a Third Amended Complaint, Plaintiff's Motion to Supplement Jurisdictional Record is denied as moot.

## ORDER OF COURT

AND NOW, this 17th day of September, 2026, IT IS HEREBY ORDERED that the Motions to Dismiss the Second Amended Complaint filed by Defendants in this matter (Docket Nos. 130, 134, 136, 138, 142, 144, 146, 148, 151, 157, 179) are GRANTED, and Plaintiff's claims alleged against Defendants are DISMISSED WITHOUT PREJUDICE.

---

> quotation marks omitted]). While it is not the case that every complaint that asserts multiple claims against multiple defendants is a shotgun pleading, complaints will be assessed as improper shotgun pleadings where they fail to provide "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (quoting *M.B. v. Schuylkill Cty.*, 375 F. Supp. 3d 574, 587 (E.D. Pa. 2019) [(internal quotation marks omitted)]).

*Comer v. American Transmission Sys., Inc.*, No. CV 23-1464, 2025 WL 1530750, at *4 (W.D. Pa. May 29, 2025).

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (Docket No. 185) is GRANTED, although Plaintiff is not permitted to file the proposed Third Amended Complaint attached to his motion. Instead, if Plaintiff wishes to file a Third Amended Complaint to address the pleading deficiencies addressed in the Court's Memorandum above, he shall do so by **October 16, 2026**, in which case Defendant(s) shall respond thereto by **November 16, 2026**. If Plaintiff does not file a Third Amended Complaint by **October 16, 2026**, this case will be closed.

IT IS FURTHER ORDERED that, as Plaintiff is being given leave to file a Third Amended Complaint, Plaintiff's Motion to Supplement Jurisdictional Record (Docket No. 169) is DENIED AS MOOT.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Jeremy Kevin Jackson
All counsel of record